IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| JORGE CARDENAS CONTRERAS<br>1206 Greystone Road<br>Baltimore, MD 21227<br><br>    *Plaintiff*,<br><br>       v.<br><br>BWI 827 LLC<br>829 Elkridge Landing Road<br>Linthicum Heights, Maryland 21090<br><br>   Serve: Jacob M. Rappaport, Esquire<br>          Resident Agent<br>          502 Washington Avenue, 8th Floor<br>          Towson, Maryland 21204<br><br>    *Defendant*. | Civil Action No.: 23-1779 |

**COMPLAINT**

Jorge Cardenas Contreras ("Plaintiff") brings this action against Defendant, BWI 827 LLC ("BWI 827" or "Defendant"), for violations of his rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Baltimore, Maryland. Plaintiff began his employment with Defendant in January 2019 and was terminated on June 22, 2023. Throughout Plaintiff's employment with Defendant, he worked exclusively at the Baltimore Washington International Airport Wingate Hotel as a maintenance worker, performing painting, plumbing and electrical work and other similar duties. At the time he was terminated, Plaintiff earned an hourly wage of $20 per hour. However, Plaintiff received periodic raises and from January 2019 until he received his latest raise to $20 per hour. For example, in January 2023, Plaintiff's hourly rate was $19.00 per hour and in the summer of 2021, Plaintiff's hourly rate of pay was $18.00 per hour. Plaintiff's payroll records, which are in the possession of Defendant, will show his hourly rates at various points in time during his employment with Defendant.

2. BWI 827 is a limited liability company organized under the laws of the State of Maryland. It is in the business of owning and operating a hotel – the BWI Wingate. It employed Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because at all times relevant to the Complaint, it treated him as a W-2 employee, it paid his wages, it established his manner and rate of pay, it supervised him, it hired him, it had the authority to terminate his employment and did so, it managers and supervises him, it maintains his employment records and it engaged in the unlawful pay practices that are at issue in this case.

3. BWI 827 is an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it has had and continues to have: (1) employees engaged in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and

(2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## JURISDICTION

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it conducts business in the State of Maryland, it owns properties in the State of Maryland, its headquarters is located in the State of Maryland, all of the events giving rise to Plaintiff's claims occurred in Maryland and Plaintiff's claims arise out of Defendant's contact with the State of Maryland.

## STATEMENT OF FACTS

6. Defendant kept track of Plaintiff's hours with a timeclock or computer by using his thumb print to punch in at the beginning of his workday and punch out at the end of his workday.

7. Plaintiff's schedule was from 8:00 a.m. to 4:00 p.m. Monday through Friday, with no lunch break. However, Defendant frequently asked Plaintiff to work after his shift ended at 4:00 p.m., resulting in Plaintiff working overtime hours. Plaintiff's overtime hours fluctuated radically throughout his employment with Defendant, based on the needs of the Defendant, making it difficult to estimate the number of overtime hours without Plaintiff's payroll and time records. Plaintiff estimates that he worked an average of between 2 and 6 hours of overtime per week. However, there were workweeks when he exceeded the high end of the average. Plaintiff will rely on his time records to compute the overtime hours he worked.

8. Defendant paid Plaintiff every two weeks. It used a payroll service to pay Plaintiff for the first forty hours of work and it deducted withholdings from his 40-hour pay. However, Defendant provided Plaintiff with separate payments for his overtime hours and did not deduct withholdings from his overtime pay. In addition, Defendant paid Plaintiff for his overtime hours at straight time rates, not the required time-and-a-half overtime premium. In addition to failing to pay Plaintiff an overtime premium for his overtime hours, Defendant also failed to pay Plaintiff anything at all for some hours of work.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

9. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

10. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

11. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12. At all times relevant to the Complaint, BWI 827 was an enterprise engaged in commerce within the meaning of the FLSA.

13. Defendant violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week and failing to pay Plaintiff anything at all for some hours of work.

14. Defendant did not act in good faith or with a reasonable belief that its actions were lawful, entitling Plaintiff to liquidated damages.

15. Defendant acted willfully within the meaning of the FLSA, so as to extend the statute of limitations to three years.

16. Plaintiff is not able to calculate his damages because he is not in possession of any time records and he does not possess all of his payroll records or other records that would indicate the precise number of hours that he worked in the various work weeks and the amount he was paid.

17. Defendant is liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

18. For this count, Plaintiff is seeking damages three years before the complaint was filed.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420

19. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

20. At all times relevant to this Complaint, Defendant was an "employer" of the Plaintiff within the meaning of the MWHL.

21. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendant within the meaning of the MWHL.

22. Defendant violated the MWHL by failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week and failing to pay Plaintiff anything at all for some hours of work.

23. Defendant did not act in good faith or with a reasonable belief that its actions were lawful, entitling Plaintiff to liquidated damages.

24. Plaintiff is not able to calculate his damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks.

25. As a result, Defendant is liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld wages, an additional equal amount as liquidated damages and litigation costs and reasonable attorneys' fees.

26. For this count, Plaintiff is seeking damages three years and two weeks back from the filing of the complaint.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

27. Plaintiff repeats and incorporates by reference all allegations set forth above.

28. Defendant knowingly, willfully and intentionally violated Plaintiff's rights under the MWPCL by failing to pay Plaintiff his overtime wages under the MWHL and by failing to pay his anything at some for his work hours.

29. Defendant's unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

30. Plaintiff is not able to calculate his damages because he is not in possession of any time records and he does not possess all of his payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks or the amount he was paid.

31. For this count, Plaintiff is seeking damages back three years and two weeks prior to the filing of the Complaint. S*ee Higgins v. Food Lion, Inc.*, 197 F. Supp. 2d 364, 367 (D. Md. 2002); *see also Butler v. VisionAIR, Inc.*, 385 F. Supp. 2d 549, 554 (D. Md. 2005) ("[A] claim under the MWPC[L] must be filed within three years and two weeks from the date on which the employer should have paid the wage.").

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a) enter a judgment against Defendant and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216 (b);

b) enter a judgment against Defendant and in favor of Plaintiff, based on the violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld wages along with a sum equal to the amount of the unpaid wages as liquidated damages;

c) enter a judgment against Defendant and in favor of Plaintiff, based on Defendant's violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld wages along with an amount equal to the unpaid wages as liquidated damages; and

d) enter judgment against Defendant and in favor of Plaintiff for his litigation costs and reasonable attorneys' fees incurred in this action as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy,
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*